Filed 10/29/15  P. v. Bridgeforth CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B253224 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA119012) |
| v. | |
| GEORGE ELEX BRIDGEFORTH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael J. Shultz, Judge.  Affirmed with directions.

John P. Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.

_____

George Elex Bridgeforth appeals from the judgment entered following a jury trial in which he was convicted of first degree murder (Pen. Code, § 187, subd. (a)), attempted voluntary manslaughter (§§ 192, subd. (a), 664) as a lesser included offense of attempted murder, shooting at an occupied vehicle (§ 246), felon in possession of a firearm (§ 12021, subd. (a)), and assault with a firearm (§ 245, subd. (a)(2)).[1]  The jury also found the special circumstance and firearm allegations true.  Appellant admitted four prior strike convictions and one prior serious felony conviction (§§ 667, subd. (a), 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).  He was sentenced to a determinate prison term of 15 years for the firearm and prior serious felony enhancements (§§ 12022.53, 667, subd. (a)(1)), followed by three consecutive indeterminate sentences of life without the possibility of parole and 50 years to life.

Appellant contends (1) California's felony-murder special circumstance rule (§ 190.2, subd. (a)(17)) is unconstitutional because it fails to narrow the class of defendants eligible for special circumstance treatment; and (2) the abstract of judgment should be amended to delete the parole revocation fine.  Appellant acknowledges that the California Supreme Court has upheld the constitutionality of the felony-murder special circumstance rule, and recognizes that, under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, we are bound by the high court's precedent.  With regard to the second contention, as the Attorney General concedes, the abstract of judgment incorrectly reflects the imposition of a parole revocation fine and must be amended by striking the fine.  We affirm with directions to correct the abstract of judgment and prison records.

## FACTUAL BACKGROUND

### The Prosecution Case

Walter Shepard sold bottles of prescription cough syrup from his car.  In April 2011, appellant started buying bottles of the medication from Shepard, which he resold at

---

[1] Undesignated statutory references are to the Penal Code.

2

a profit. Appellant occasionally received complaints from his customers about the quality of the drugs, and appellant had told Shepard he thought the cough syrup had been diluted. When appellant criticized the quality of the product, Shepard would compensate him by giving him high quality marijuana.

On May 13, 2011, appellant intended to buy four bottles of cough syrup from Shepard for which he planned to pay between $700 and $800. A little before 10:00 p.m., appellant was waiting for Shepard in the parking lot of a Ralphs grocery store on the corner of 120th Street and Vermont Avenue. Shepard arrived with three other cars, and appellant watched as people got out of the cars, conversed, and walked off in different directions. When appellant walked up to Shepard's car, Shepard told him to get in. Shepard accused appellant of telling other people that Shepard was diluting the cough syrup and damaging Shepard's reputation.

Appellant asked Shepard where the bottles of cough syrup were; Shepard said they were in the trunk. The men went to the rear of the car and popped the trunk. Moments later, appellant pulled a gun, shot Shepard five times, grabbed 11 bottles of cough syrup, and ran.

Approximately 10:00 p.m. on May 13, 2011, Ramon Valenzuela and his son were sitting in Valenzuela's pickup truck in the Ralphs's parking lot two or three stalls away from the driver's side of Shepard's car. Valenzuela saw a man wearing a white cap walk from the outside of the grocery store toward Shepard's car. The man opened the driver's door before going to the rear of the car, opening the trunk, and bending down as he reached into the trunk. The man then fired four shots toward the front of the car on the driver's side.

When he saw the shooting, Valenzuela took out his cell phone, which cast a light in his truck. The shooter turned toward Valenzuela's truck and fired. The shooter fired at the truck again as he fled the scene. The next day, Valenzuela found two bullet holes in his truck and a bullet core in the truck bed.

***The Defense Case***

Appellant testified in his own behalf. The substance of his testimony was that he did not take any prescription bottles, and he acted in self-defense when he shot and killed Shepard, and shot at another vehicle in the Ralphs's parking lot.

According to appellant, when they went to the rear of the car, Shepard did not produce any bottles of cough syrup from the trunk, but instead escalated the confrontation with appellant. Shepard then reached under his jacket, a gesture which appellant assumed meant he was reaching for a gun. Fearing for his life, appellant pulled his gun and fired five times at Shepard. As he ran from Shepard's car, appellant fired at another vehicle he believed to be one of Shepard's associates driving toward him. Appellant denied taking any prescription bottles at any time during the incident.

## DISCUSSION

### I. California's Felony-Murder Special Circumstance Rule Adequately Narrows the Class of Defendants Eligible for Special Circumstance Treatment

Appellant acknowledges that the California Supreme Court has repeatedly rejected appellant's constitutional challenge to the felony-murder special circumstance rule (§ 190.2, subd. (a)(17); see, e.g., *People v. Boyce* (2014) 59 Cal.4th 672, 700 ["consistent with long-standing precedent, we reject defendant's claim that the felony-murder special circumstances must be set aside because they fail to narrow the class of death-eligible defendants to a smaller subclass more deserving of death"]; *People v. Gamache* (2010) 48 Cal.4th 347, 406 ["the felony-murder special circumstance (§ 190.2, subd. (a)(17)) is not overbroad and adequately narrows the pool of those eligible for death"]; *People v. Demetrulias* (2006) 39 Cal.4th 1, 43 ["California homicide law and the special circumstances listed in section 190.2 adequately narrow the class of murderers eligible for the death penalty"]; *People v. Pollock* (2004) 32 Cal.4th 1153, 1196 ["'we have held: The special circumstances listed in section 190.2 adequately narrow the class of murders for which the death penalty may be imposed'"].) Nevertheless, in order to preserve the issue for reconsideration before the California Supreme Court, as well as to preserve it for

4

federal review (*O'Sullivan v. Boerckel* (1999) 526 U.S. 838, 842 [119 S.Ct. 1728]; *People v. Eccleston* (2001) 89 Cal.App.4th 436, 450, fn. 7), appellant contends that California's felony-murder special circumstance rule violates the Eighth and Fourteenth Amendments to the United States Constitution because it fails to sufficiently narrow the class of defendants eligible for a special circumstance finding in a felony-murder case.

As appellant recognizes, this court is bound by the California Supreme Court's precedent. (*Auto Equity Sales, Inc.*, *supra*, 57 Cal.2d at p. 455.) Accordingly, we must reject appellant's challenge to the felony-murder special circumstance.

## II.     The Abstract of Judgment Must Be Amended to Delete the Parole Revocation Fine

The trial court imposed a sentence of life without the possibility of parole on count 1, first degree special circumstances murder. The court specifically noted that it was not imposing a parole revocation restitution fine because appellant is not eligible for parole as to count 1. However, the abstract of judgment includes both a $10,000 restitution fine and a $10,000 parole revocation fine. Appellant contends and respondent concedes that the trial court properly declined to impose the parole revocation fine, and the abstract of judgment does not correctly reflect the actual sentence imposed by the court. The parties concur that the abstract of judgment must be corrected to delete the parole revocation fine. We agree.

In *People v. Oganesyan* (1999) 70 Cal.App.4th 1178, 1181, the defendant had received no determinate term under section 1170. Rather, the trial court had imposed a sentence of life without possibility of parole for first degree special circumstances murder and an indeterminate sentence for second degree murder. *Oganesyan* held "that because the sentence does not presently allow for parole and there is no evidence it ever will, no [section 1202.45] restitution fine must be imposed. . . . [N]o jurisdictional error occurred when the trial court declined to impose a section 1202.45 additional restitution fine." (*Id.* at pp. 1185–1186.)

In *People v. Brasure* (2008) 42 Cal.4th 1037, 1075, the Supreme Court held that the parole revocation fine imposed as part of a death sentence was proper because, in addition to his death sentence, the defendant was also sentenced to a determinate prison term under section 1170. The high court noted that "[s]ection 3000, subdivision (a)(1) provides that such a term 'shall include a period of parole.'" (*Ibid*.) *Brasure* declared *Oganesyan* "distinguishable as involving no determinate term of imprisonment imposed under section 1170." (*Brasure*, at p. 1075.)

Here, as in *Oganesyan*, appellant received no determinate sentence under section 1170.[2] Rather, the trial court imposed a term of life without the possibility of parole on count 1, and appellant's remaining convictions resulted in life sentences under the "Three Strikes" law. Moreover, the trial court in this case specifically declared that it would not impose a parole revocation fine because appellant is ineligible for parole. Accordingly, the abstract of judgment must be amended to strike the parole revocation fine.

---

[2] Although appellant received a determinate sentence for a firearm enhancement and a prior serious felony enhancement, those enhancements were not imposed pursuant to section 1170, and therefore do not include a mandatory period of parole.

6

## DISPOSITION

The judgment is affirmed.  The abstract of judgment and the records at the Department of Corrections and Rehabilitation shall be corrected by striking the parole revocation fine.

NOT TO BE PUBLISHED.


                                        LUI, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.


7